IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07-CV-199

| | |
|---|---|
| CAROLYN EVANS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RETIREMENT PLAN FOR HOURLY )<br>EMPLOYEES REPRESENTED BY )<br>UNION OF NEEDLETRADES, )<br>INDUSTRIAL AND TEXTILE )<br>EMPLOYEES, A.F.L., C.L.C. )<br>LOCAL 630 )<br>)<br>Defendant. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon Plaintiff Carolyn Evans' Motion to Compel the Production of Documents. For the reasons set forth below, the Motion to Compel is GRANTED.

**I.    Background**

Plaintiff Carolyn Evans ("Evans") is a participant in the Defendant retirement plan ("Plan"). On or about September 21, 1998 a physician designated by the Plan certified Evans to be totally and permanently disabled, thus making her eligible for disability retirement benefits under the Plan. Evans received disability benefits from that date until March 12, 2006, when the Plan terminated her benefits after a review of Evans' continued eligibility for benefits as allowed by the Plan.

During the review on or about August 4, 2005, as requested by the Plan's third-party administrator, Broadspire, Evans underwent an independent medical evaluation and a functional capacity evaluation which did not show orthopedic impairments. After these tests Broadspire

informed Evans that she was no longer disabled, thus not eligible for Plan benefits and that her benefits were terminated effective March 12, 2006. Evans appealed that decision to another Plan third-party representative, The Reed Group. Her appeal was denied and Plaintiff filed a second and final administrative appeal, which was reviewed by the Plan. In support of her appeal, Plaintiff submitted evidence that she was unable to engage in competitive employment due to severe mental and physical impairments. In its letter denying Plaintiff's appeal, Defendant stated the information provided in regards to Plaintiff's emotional condition was not considered because records or certification of the condition were not submitted prior to the denial of the claim, as required by the Plan. As a result of the final denial of her administrative appeals Plaintiff filed this lawsuit.

Plaintiff has requested that the Plan produce all documents, other than those already produced by the Defendant pursuant to Rule 26(a), which relate in any way to the Plaintiff's claim for disability benefits. The Plan has refused to provide any documents from its claim file for the period before August 4, 2005, when the current review of the Plaintiff's disability status began, other than the September 30, 1998 letter informing Plaintiff that her application for benefits had been approved. In response, Plaintiff filed this Motion to Compel Defendant to turn over all non-privileged documents in connection with Plaintiff's benefit claim prior to August 4, 2005.

**II.    Discussion**

The current lawsuit involves a member of an employee benefits plan suing the plan for abuse of discretion in terminating her benefits. "When an ERISA plan affords an administrator discretion, a court reviews the administrator's decision to deny benefits for an abuse of that

discretion, asking whether the denial of benefits was reasonable based on the facts known to the administrator at the time." Stup v. UNUM Life Ins. Co. of Am., 390 F.3d 301, 307 (4th Cir. 2007) (quoting Sheppard & Enoch Pratt Hospital, Inc. v. Travelers Ins., 32 F.3d 120, 125 (4th Cir. 1994).

In cases dealing with disputes over the scope of discovery of ERISA cases, the dispute is typically tied to a plaintiff's attempt to include evidence outside the administrative record where the standard of review does not permit extra-administrative evidence. See e.g. Stanley v. Metropolitan Life Ins., 312 F.Supp 2d 786 (E.D. Va. 2004). Here, the Plaintiff is not attempting to compel or discover information outside the administrative record - the Plaintiff is merely attempting to discover the complete administrative record. In its letter denying Plaintiff's benefits, the Plan lists as a reason for refusing to consider information regarding Plaintiff's alleged emotional impairments the fact that the Plaintiff never submitted records or certification of the illness prior to the denial of her claim. Since the Plan is refusing to produce documents from the period prior to August 4, 2005 - the date the Plan initiated the review that resulted in the termination of benefits, the Plaintiff has no way of verifying the Plan's claim that she never submitted documentation of her mental illness prior to the denial of her claim.

Allowing discovery of these additional documents would in no way undermine ERISA's basic goal of a uniform, fair, expeditious and inexpensive dispute resolution. It is long established that the facts before the administrator at the time the decision is made are always relevant when reviewing under an abuse of discretion standard. See e.g. Stupp, 390 F.3d 301. It is clear that in the present case the Plan had the Plaintiff's entire administrative record in its possession at the time the decision was made.

IT IS THEREFORE ORDERED that Plaintiff Carolyn Evans' Motion to Compel Production of Documents is hereby GRANTED.

Signed: July 21, 2008

Graham C. Mullen
United States District Judge